We move to the fourth case this morning, Crosby v. City of Chicago. The first question in this appeal is whether the settlement agreement in an earlier excessive force lawsuit bars this subsequent lawsuit about a wrongful conviction. There's a second question about costs. I'll begin with the first question. That part of the case raises two questions of statutory interpretation, two questions of contractual interpretation that both parties agree are covered by Illinois state law. The first question is whether the language in the settlement agreement is sufficiently clear to waive future claims, whether it constitutes the clear expression of intent required under Illinois law. The second question is whether the language in the settlement agreement that the claims being waived arise out of the incident, which was the basis of this litigation, covers the allegations in the second claim. The district court relied on this court's ruling in Cannon v. Burge to find that the second case was barred by the settlement agreement. I want to explain why the settlement agreement in this case was different from the agreement in Cannon v. Burge. In Cannon, the language about claims being released clearly stated claims that the plaintiff had or may have in the future. This case referred to claims that the plaintiff had or has, and then a few words later within that clause sought to include within that set of claims, claims that plaintiff had, has, or may have. And this logical impossibility of including within current and past claims, claims that may arise in the future, is not the clear statement of waiving future claims that's required under Illinois law. I don't understand why that's inconsistent to say has, had, or may have in the future. This was a foreseeable claim. Well, that's the second argument that I was going to address, that it was not a foreseeable claim. But the language had, has, or may in the future on its own is certainly, we would not be objecting to, and it was language almost identical to the court relied on Cannon. The problem is that claims had, has, or may have are sought to be included within claims that he had or has. So the claims that he may have in the future are not within claims that he had or has. And there's a concession by the defendants in their brief that this language goes both ways. And where this language is ambiguous, where the language goes both ways, it is not the clear expression of intent that's required under Illinois law to waive future claims. The question of foreseeability is, answers whether the claims in the second case arise out of the incident, which was the basis of this litigation. In Cannon, the court said that the basis of this litigation was the same. In both cases, Mr. Cannon sought damages that arose out of his torture by the defendant officers. In this case, the first lawsuit filed by Mr. Crosby was about excessive force and wrongful, illegal entry. The second case, which didn't accrue until after the first case was filed, the second case was about a wrongful conviction caused by a fabrication of evidence. And under Illinois law, for a claim to arise out of another claim, there has to be a causal connection. And in this case, the fabrication of evidence committed by the officers after the excessive force and the illegal entry is a independent, illegal act. It's a superseding cause in tort law. You pleaded a connection. It's in the complaint. The complaint. You allege that there's a connection between the two. The complaint includes an allegation that the reason for the fabrication of evidence was to cover up. It's all the same. All the same incident. According to the allegations in the complaint. The allegation in the complaint connecting them is the reason that the court finds that the incident is the same. We don't make findings at this juncture. We take what you've alleged, and what you've alleged is that there's a connection. And if the court's ruling is based on that allegation of a connection, then plaintiffs should have a chance to replead and make an allegation that the— And take away what you've already told us is the truth. The allegation in the complaint is based on facts that the plaintiff believes will be shown in the lawsuit. And if the plaintiff can plead a claim that's not covered by the settlement agreement by changing that allegation, by proving different facts— That's not how litigation works. You don't get another chance under these circumstances. You alleged a connection. You alleged facts that demonstrate that this is a lawsuit that's covered by the clear and comprehensive language of the release, which release is, in fact, more clear and robust  So if the release of that issue in canon was enough to cover the follow-on claims there, then this release is enough to cover these follow-on claims arising from the same incident. The reason why the allegation in the complaint is not the causal connection required by Illinois law is that the act of fabricating evidence to cover up the wrongful conduct of officers is not a foreseeable act. And the city is not going to argue that it's foreseeable that police officers fabricate evidence to cover up wrongdoing. The clear statement that's in other Illinois cases, and we cite a few of them, refer to claims may have, ever had, or can, shall, or may have, claims may in the future develop, and they also refer explicitly to the type of interaction instead of limiting the release to the allegations in the complaint. We don't have that clear language in this case to include future claims or to include claims covered by the allegation, or by the incident, which was the basis of this litigation. The second question, which I'll address very briefly, is about costs. After the motion to dismiss was granted, the defendants sought repayment for transcripts from the criminal case. The discovery was never opened in this case. The transcripts had no relevance to the issues that the defendants successfully sought dismissal, and as we explained in the brief, the transcripts were available from another source. We would ask the court to reverse the order of costs, to reorder taxing costs, in addition to reversing the dismissal of plaintiff's complaint. Unless there are further questions, I'll reserve the balance of my time. Thank you. Thank you, counsel. Ms. Tischer? Good morning, Your Honors. May it please the court. I would like to begin by explaining that the release bars Crosby's claims, addressing first the plain language of the release, and then addressing this court's precedent in canon v. Burge. To begin, in 2015, Crosby signed a release barring all claims he had, has, or may have in the future against the city of Chicago and its officers, agents, and employees, arising either directly or indirectly out of a 2010 incident in which Officer Gonzalez allegedly entered Crosby's apartment unlawfully and used excessive force against Crosby. Despite signing this release in 2018, Crosby filed the present complaint alleging that in an attempt to cover up Officer Gonzalez's misconduct, the defendant officers concocted a false story that Crosby had a gun, and that that false story led to Crosby's eventual conviction. So plainly, by Crosby's own words, his current claims arise, if not directly, at very least indirectly out of that 2010 incident. And this conclusion is supported by this court's decision in canon v. Burge, and there the plaintiff canon signed a nearly identical release barring all claims arising out of his torture. He later brought similar claims of wrongful conviction and malicious prosecution, similar to the claims in this case, wrongful conviction and malicious prosecution based on a false confession that he alleged was obtained during that torture and that was used to secure his conviction. And this court held there that because the torture led to the false confession, which led to canon's conviction, the claims clearly arose out of that underlying incident and were barred by the release. And here too, the alleged improper entry and excessive force led to the fabricated evidence in that the evidence was fabricated explicitly to cover up that earlier misconduct, and this led to Crosby's eventual conviction. Crosby attempts to avoid canon by arguing first that the releases are different, that this release here is ambiguous, and I would like to address that point first by clarifying that we did not in our brief concede that the provisions here pointed in two different directions. Our position is that, as Your Honor pointed out, these provisions are not ambiguous. They clearly state that the release covers claims he had, has, and including claims he may have in the future. We did acknowledge, though, that if one were to read these provisions as pointing in two different directions, they could easily be reconciled using ordinary principles of contract interpretation rather than resorting to construing the release in Crosby's favor. And we can rely on two ways to reconcile those provisions, first being that Illinois court precedent has explained that when a contract or similar document contains a provision that appears to be narrower and then one later provision that attempts to or appears to broaden the scope of that document, that it's necessary to give effect to the broader provision rather than render that provision superfluous. And also, Illinois courts have been very consistent on holding that when interpreting an ambiguous provision in a contract such as a release, it's necessary in ascertaining the intent of the parties to look at the document as a whole rather than the particular provision in isolation. And here, if we look at the release as a whole, there is plenty of additional language that indicates the intent of the parties to release future claims. Numerous times, the document references the city of Chicago's future officers, agents, and employees. There's other language that indicates future events such as referring to expenses or other claims that may be incurred. And importantly, in paragraph 3 of the release, the parties say that the point of the settlement in the release is to avoid the uncertainty of further litigation. And Illinois courts have held that when such a provision appears in a release like this, then it connotes some attempt to or the intent of the parties to release future claims and to avoid that further litigation. And even the arising out of language itself connotes some sort of future, the intent of the parties to release future claims. That language itself would be superfluous if the release were read to include only the information that Crosby had brought in his initial complaint. And I would also like to just address Crosby's argument regarding the causal connection between the initial claims and, I'm sorry, the causal connection between the underlying incident and the current claims. In his reply brief for the first time, Crosby cites two cases in which Illinois courts have held in the context of a medical malpractice statute that the phrase arising out of requires proximate cause. And to the extent that those cases even apply in this case at all, they do not change the outcome here because as Crosby has alleged in his own complaint, there is a proximate cause between the underlying incident and his current claims. And that causal connection is that alleged cover-up. But even so, more importantly, the release does bar claims also that arise indirectly out of the underlying incident. And in Crosby's opening brief and in his reply brief, he does not address this particular language of the release or explain how that would affect this causal connection. And in the very cases that Crosby cites in his reply brief, specifically Brucker v. Mercola, the Illinois Supreme Court said that when there's additional language alongside that term arising out of a language that connotes some more indirect causal connection, then but-for causation is all that's necessary. And Crosby does not make any argument or dispute that at the very least in this case, but-for causation exists. And finally, just on the issue of foreseeability, our position is that foreseeability is not used for foreseeability in interpreting the scope of a release. But in any event, in this case, Crosby's claims were foreseeable at the time he signed the release. And indeed, going back to the times he filed his original complaints in 2012 and 2013. Because at that time, he'd already been convicted of a crime that he alleges he did not commit based on that fabricated evidence. And even going back to the underlying incident, the fabricated evidence and malicious prosecution claims were foreseeable at that time as well. Because Crosby alleges that he did not have a gun, that his girlfriend told the officers that he did not have a gun, and yet they pursued him anyways, arrested him, and falsified a police report saying that he had a gun. At that time, clearly even at that time, these claims were foreseeable. And finally, if this court has no further questions on the issue of the release, we would just like to rest on our briefs regarding the award of costs. And we ask this court to affirm the judgments of the district court. Thank you. Thank you, counsel. You have two minutes and 23 seconds. Thank you. The question of foreseeability relates to whether the initial settlement agreement covers allegations raised in the second case. And so therefore, the language arising out of to cover those allegations, the allegations have to be foreseeable. The argument is not that Mr. Crosby had no idea he might have the claim or that the claim was not foreseeable to him. It's a question of whether the claims are foreseeable from the allegations in the first case. And the language that counsel cited from the Brooker case that expand a release to but for causation don't include the word indirectly, which is used in the city's agreement. The reason neither side has cited cases about that is because there aren't cases on what indirectly caused means. Thank you for your time. Thank you, counsel. Thanks to both counsel and the cases taken under advisement.